UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TOM LANGE COMPANY, INC.,<br><br>    Plaintiff,<br><br>vs.<br><br>CLASSIC PRODUCE, INC. and VIANNEY CAPELLAN,<br><br>    Defendants. | CASE NO. 1:18-CV-00773-PGG |
| T C MARKETING, INC., a Florida corporation; KINGS RIVER PACKING LP, a California limited partnership; and DUDA FARM FRESH FOODS, INC., a Florida corporation,<br><br>    Intervening Plaintiffs,<br><br>v.<br><br>CLASSIC PRODUCE, INC.; a New York corporation; VIANNEY CAPELLAN, an individual; and STEPHANIE CASTILLO, an individual,<br><br>    Defendants. | ORDER TO SHOW CAUSE FOR DEFAULT JUDGMENT AGAINST CLASSIC PRODUCE, INC. AND VIANNEY CAPELLAN |

UPON the annexed Declaration of Intervening Plaintiffs' attorney, Steven E. Nurenberg, Esq., dated on February 4, 2021, and the attached exhibits, and upon all prior pleadings and proceedings in this matter, it is

ORDERED, that Defendants, Classic Produce, Inc. and Vianney Capellan appear and show cause before the Honorable Paul G. Gardephe, United States District Court Judge on the __8__ day of __April__, 2021 at _11_:_00_ ☒ a.m. ☐ p.m., or as soon

thereafter as the parties can be heard, why a Default Judgment should not be granted and entered in favor of Intervening Plaintiffs, T C Marketing, Inc.; Kings River Packing, LP; and Duda Farm Fresh Foods, Inc. and against Defendants, Classic Produce, Inc. and Vianney Capellan, jointly and severally, pursuant to Fed. R. Civ. P. 55(b), based upon their failure to answer, respond, or otherwise defend with regard to Intervening Plaintiffs' Complaint-in-Intervention. The relief sought by Intervening Plaintiffs is as follows:

(1) Declaring that T C Marketing, Inc. has a valid claim under the trust provisions of the Perishable Agricultural Commodities Act of 1930 ("PACA"), as amended, 7 U.S.C.§499e(c) against Defendant, Classic Produce, Inc. in the total amount of $519,165.58;

(2) Entering Judgment in T C Marketing, Inc.'s favor and against Defendants, Classic Produce, Inc. and Vianney Capellan – jointly and severally – in the principal amount of $320,446.15, along with taxable costs in the sum of $131.96, attorneys' fees in the amount of $16,209.20, and pre-judgment interest in the sum of $182,378.27 (as of February 4, 2021, with a daily per diem of $158.03 each day thereafter), for a total judgment amount of $519,165.58, plus post-judgment interest at the rate set forth by 28 U.S.C. §1961, all of which qualifies for protection under PACA, until satisfied, for which let execution issue;

(3) Declaring that Kings River Packing, LP has a valid claim under the PACA trust provisions, 7 U.S.C.§499e(c) against Defendant, Classic Produce, Inc. in the total amount of $193,230.58;

(4) Entering Judgment in Kings River Packing, LP's favor and against Defendants, Classic Produce, Inc. and Vianney Capellan – jointly and severally – in the principal amount of $151,090.00, along with taxable costs in the sum of $62.22, and pre-judgment interest in the sum of $42,078.36 (as of February 4, 2021, with a daily per diem of $37.26 each day thereafter), for a total judgment amount of $193,230.58, plus post-judgment interest at the rate set forth by 28 U.S.C. §1961, all of which qualifies for protection under PACA, until satisfied, for which let execution issue;

    (5)    Declaring that Duda Farm Fresh Foods, Inc. has a valid claim under the PACA trust provisions, as amended, 7 U.S.C.§499e(c) against Defendant, Classic Produce, Inc. in the total amount of $164,031.96;

    (6)    Entering Judgment in Duda Farm Fresh Foods, Inc.'s favor and against Defendants, Classic Produce, Inc. and Vianney Capellan – jointly and severally – in the principal amount of $101,569.20, along with taxable costs in the sum of $41.83, attorneys' fees in the amount of $5,137.70, and pre-judgment interest in the sum of $57,283.24 (as of February 4, 2021, with a daily per diem of $50.09 each day thereafter), for a total judgment amount of $164,031.96, plus post-judgment interest at the rate set forth by 28 U.S.C. §1961, all of which qualifies for protection under PACA, until satisfied, for which let execution issue.

A copy of this Order to Show Cause together with copies of all papers upon which it is based be served by Intervening Plaintiffs upon Defendants Classic Produce, Inc. and Vianney Capellan via regular U.S. Mail, postage prepaid, priority mail, or Federal Express on or before __February 19__, 2021 which shall be deemed good and sufficient evidence.

Defendants, Classic Produce, Inc. and Vianney Capellan must serve and file any response to this Order to Show Cause by __March 25__, 2021.

Intervening Plaintiffs shall docket on the Electronic Case Filing System ("ECF") the affidavit and exhibits it offers in support of its default judgment application.

With respect to the __April 8__, 2021 hearing, the parties are directed to dial 888-363-4749 to participate, and to enter the access code 621642. The press and public may obtain access to the telephone hearing by dialing the same number and using the same access code. The parties should call in at the scheduled time and wait on the line for their case to be called. At that time, the Court will un-mute the parties'

lines. Two days before the hearing, the parties must email Michael_Ruocco@nysd.uscourts.gov and GardepheNYSDChambers@nysd.uscourts.gov with the phone numbers that the parties will be using to dial into the hearing so that the Court knows which numbers to un-mute. The email should include the case name and case number in the subject line.

Defendant, Classic Produce, Inc. and Vianney Capellan are hereby advised that their failure to respond to this Order to Show Cause will be grounds for a Default Judgment being entered against them, in which event the Defendants will have no trial.

Intervening Plaintiffs shall file a proof of service of this Order to Show Cause and all moving papers.

SO ORDERED.

Dated: February 16, 2021
New York, New York

_____
PAUL G. GARDEPHE
UNITED STATES DISTRICT JUDGE